IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY GILBERT DOLORES GILBERT, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 7:07-CV-0070-R (ECF) |
| RICK PERRY, et al | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants's **MOTION TO DISMISS** (filed June 25, 2007) (Dkt. 7) and Plaintiffs's **RESPONSE TO MOTION TO DISMISS** (filed July 24, 2007) (Dkt. 12). Defendants move for dismissal for lack of subject matter jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] After careful consideration of all parties's submissions and the law applicable to the issues before the Court, the Court GRANTS the Motion to Dismiss.

### I. BACKGROUND

Plaintiffs's claims in this case arise from an underlying state medical malpractice suit. Plaintiffs Jerry Gilbert and Dolores Gilbert (Plaintiffs) claimed that Dolores Gilbert was misdiagnosed and treated her osteoporosis when, in fact, she had treatable cancer. Plaintiffs brought suit in state court for medical malpractice, and the suit was dismissed on summary judgment. The

---

[1] Defendants also move for dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the Court finds merit in this avenue of dismissal, the Court will only address the jurisdictional issue, as it is dispositive of the entire case.

Fort Worth Court of Appeals upheld the district court's summary judgment against Plaintiffs. Plaintiffs have now filed suit against Rick Perry , in his Official Capacity as Governor of Texas, Donald W. Patrick, M..D. in his Official Capacity as Executive Director of the Texas Medical Board and Joseph B. Morris, in his Official Capacity as chair of the State Commission on Judicial Conduct (collectively, State Defendants) for alleged Constitutional and civil rights violations arising from their failure to review and prosecute the actors in the previous state case. Plaintiffs's causes of action against Defendants include: violation of 18 U.S.C. § 4 (misprision of a felony); 19 U.S.C. §§ 1341, 1343 (mail fraud); 18 U.S.C. § 3 (accessory after the fact); 18 U.S.C. § 2; 18 U.S.C. § 1346; obstruction of justice; perjury; violation of civil rights; breach of contract; fraud; deceptive trade practices; negligence; and gross negligence.

Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted on all claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). They contend that the Eleventh Amendment bars all claims brought against them in their official capacity.

## II. ANALYSIS

### A. **Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate

the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Commission on the Arts*, 992 F.Supp. 876, 879 (N.D.Tex.1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir.2004).

An Eleventh Amendment sovereign immunity defense challenges a court's subject matter jurisdiction. *See Ussery v. Louisiana*, 150 F.3d 431, 434 (5th Cir.1998). A federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir.1996).

Because Plaintiffs are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.* This Court has given the Gilberts' complaint the indulgent reading required but finds, nevertheless, that they failed to plead *any* facts or *any* claims to support federal jurisdiction.

**B.** **<u>Plaintiffs claims are barred by Eleventh Amendment Immunity.</u>**

Plaintiffs' claims are barred by Eleventh Amendment Immunity. The Eleventh Amendment prevents individuals from suing a state for damages. See U.S. CONST. AM. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends not only to the states

themselves, but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacity. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 n. 10 (2001) (recognizing that "[o]nly States and state officers acting in their official capacity are immune from suits for damages ..."). Here, Plaintiff's have sued several state officials in their official capacities. Because Plaintiffs seek only damages in the complaint, their claims against the defendants in their official capacities are barred by the Eleventh Amendment. Therefore, this Court lacks subject matter jurisdiction, and the Court ORDERS that all claims against Rick Perry, in his Official Capacity as Governor of Texas, Donald W. Patrick, M.D. in his Official Capacity as Executive Director of the Texas Medical Board and Joseph B. Morris, in his Official Capacity as chair of the State Commission on Judicial Conduct are dismissed.

### III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(1) motion to dismiss all official capacity claims for lack of subject matter jurisdiction is GRANTED.

**It is so ORDERED.**

    **SIGNED this 23rd** day of October, 2007.

    **JERRY BUCHMEYER**
    **SENIOR UNITED STATES DISTRICT JUDGE**
    **NORTHERN DISTRICT OF TEXAS**